## SMITH BROTHERS, INCORPORATED, v. GUARDIAN TRUST COMPANY.

No. 6543.  Decided June 24, 1933.
(62 S. W., 2d Series, 655.)

*McDonald & Wayman*, of Galveston, for plaintiff.

*Baker, Botts, Andrews & Wharton*, of Houston, for defendant.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

The facts of this case are briefly and well stated in the certificate of the trial judge to the Court of Civil Appeals. We quote therefrom in part as follows:

"In the above case now pending before this Court I deem it advisable to certify to your Honors, in accordance with the provisions of House Bill No. 173 (Acts, 1933, ch. 71), passed by the Senate of the State of Texas on March 13, 1933, and passed by the House of Representatives of the State of Texas on April 13, 1933, and signed by the Governor of the State of Texas on April 14, 1933, for decision thereon the questions hereinafter specifically set forth.

"This is a suit brought by Smith Bros., Inc., against Guardian Trust Company, both corporations organized under the laws of the State of Texas. The suit was filed on May 2, 1933, under an act of the Legislature of the State of Texas which became effective May 1, 1933, known as House Bill No. 231.

"Plaintiff in its petition alleges that it brings its suit under the statute referred to above for the purpose of restraining defendant, as trustee under a certain deed of trust, from selling certain real estate located in the City of Houston, Harris County, Texas; that it attaches to the petition a copy of the notice of sale; that said notice of sale has been posted for the time and in the manner required by law for sales of real estate under power of sale provided for in the deed of trust, and unless this Court enjoins and restrains defendant therefrom it will, between the hours of 10 o'clock A. M. and 4 o'clock P. M. on May 2, 1933, sell the real estate described in said notice..

"The petition contains the formal allegations required by House Bill No. 231, referred to above, and is sworn to in accordance with the statute. It prays for a temporary injunction as contemplated by the Bill. The petition contains no allegation that the sale under the deed of trust was not duly advertised in accordance with the law or that the indebtedness is not due and unpaid or that the deed of trust did not validly provide for sale in accordance with the notice referred to in the petition.

"Plaintiff's original petition was presented to the Court in Chambers on May 2, 1933, and a restraining order was issued, and on the 18th day of May, 1933, this Court issued a temporary injunction enjoining the defendant from selling the property referred to in plaintiff's petition for one hundred and eighty (180) days from and after May 2, 1933."

The certificate further shows that after the issuance of the

temporary injunction the defendant filed a motion in the District Court to dissolve the same, on the ground that House Bill No. 231, recently enacted by the Legislature, being the Judicial Extension or Moratorium Act, was void and unconstitutional; whereupon the District Judge, *without passing upon the motion to dissolve, certified certain questions as to the constitutionality of said Act and suspended further consideration of the case awaiting the reply to the certified questions from the Court of Civil Appeals.*

It will be noted that while a temporary injunction was issued, from which an appeal lay to the Court of Civil Appeals under Revised Statutes, Article 4662, there was in fact no appeal therefrom by the defendant. No effort was made to seek a revision of the order granting the temporary injunction, except by the motion to dissolve. The revisory power of the District Court over its own orders was invoked by the motion to dissolve, and that undetermined question is still within the jurisdiction of the trial court, undisposed of.

■ Upon receipt of the certified questions from the District Judge, the Court of Civil Appeals certified the same to this Court. The right of appeal from the order granting a temporary injunction having been waived by the filing of the motion to dissolve, and the latter not having been disposed of by the trial court by any order, judgment, or decree, there is no judgment in the case for the revision of which the appellate power of the Court of Civil Appeals, or of this Court, can be invoked. Morrow v. Corbin, 122 Texas, 553, 62 S. W. (2d) 641; Republic v. Laughlin, Dallam's Decisions, 412; Nash & Mabbit v. Republic, Dallam's Decisions, 631.

■ We have today held that the Act which authorized the proceedings in the instant case is unconstitutional and void, in so far as here involved. Morrow v. Corbin, cited above. Upon the authority of that case, and in accordance with Rule 17 of the Rules of the Supreme Court, it is our duty to dismiss the certificate, and it is accordingly dismissed.